## COMMONWEALTH *vs.* ALFRED R. BARKER.

Hampden.   Sept. 26. — Oct. 10, 1882.   ENDICOTT, LORD & FIELD, JJ.,
absent.

A person, who has been arrested on mesne process, admitted to bail, and afterwards surrendered by his bail to the keeper of a jail, is "lawfully imprisoned," within the Gen. Sts. *c.* 178, § 46; and, if he forcibly escapes from the jail, he may be convicted, under said statute.

INDICTMENT, on the Gen. Sts. *c.* 178, § 46, alleging that the defendant, on August 6, 1881, being lawfully imprisoned in the jail established by law in Springfield, did break therefrom and escape, and go at large.   Trial in the Superior Court, before *Rockwell*, J., who allowed a bill of exceptions, in substance as follows:

The defendant was arrested and held on mesne process in a civil action, at the suit of Montraville Ackert.   He was immediately admitted to bail, and was afterwards surrendered by his bail to the keeper of the jail, and a copy of the bail bond delivered to the keeper, with the following indorsement, signed by a deputy sheriff, thereon: "By virtue of the within precept, I have this day arrested and delivered to A. M. Bradley, the keeper of the jail in said county, the body of Alfred R. Barker."   After the defendant had been so committed to jail, he escaped therefrom.   It was admitted that he had never been taken before any magistrate, and that he had not been committed to jail by any magistrate or court.

The defendant asked the judge to rule as follows: "1. Unless it appears that the defendant had been technically committed to jail, his breaking therefrom would not constitute jail breach. 2. The surrender of the principal by the bail to the keeper of the jail does not of itself amount to such a commitment as is essential to lawful imprisonment in jail, and as is essential to render breaking therefrom punishable under the statute.   3. The surrender of the principal by the bail does not of itself impose a greater liability or disability on the defendant than he was under when in the hands of the officer who arrested him on the original writ.   4. The officer who arrested the defendant on the original writ could not technically commit the defendant to jail, so that

he would be therein lawfully imprisoned within the meaning of the statute, and so that breaking therefrom would be punishable, as herein charged. 5. Unless it appears that the defendant was committed to jail by some magistrate or officer having judicial authority to commit, he was not lawfully imprisoned in jail within the meaning of the statute under which the prisoner is being tried. 6. The forcibly breaking from jail of a person confined therein on mesne process in a civil cause does not constitute an offence against the statute under which the indictment is drawn."

The judge declined so to rule. The jury returned a verdict of guilty; and the defendant alleged exceptions.

*H. C. Bliss*, for the defendant.

*C. H. Barrows*, Assistant Attorney General, for the Commonwealth.

DEVENS, J. The imprisonment of the defendant was certainly lawful, as he was surrendered by his bail to the keeper of the jail, and a copy of the bail bond lodged with him. Gen. Sts. c. 125, § 15. But although within the words of the statute (Gen. Sts. c. 178, § 46), which prescribe a punishment for every one who, " lawfully imprisoned in any place of confinement established by law, other than the state prison, breaks therefrom and escapes," he contends that he is not within its meaning and intent. He argues, that, as the jails of the Commonwealth are to be used only for the confinement of certain persons " committed" for various causes enumerated (which would not include the defendant), and " of all other persons committed for any cause authorized by law " (Gen. Sts. c. 178, § 1), the word " committed " is to be taken as having a technical meaning, and necessarily implies a warrant or order by a court or magistrate directing a ministerial officer to take a person to prison; and that the offence of breaking jail can only be committed by those properly thus described, for it is only as to them that the jail is a lawful place of confinement.

An examination of the statute on the subject of bail (Gen. Sts. c. 125) shows that the surrender by his bail of a person who has been arrested on civil process is there spoken of as a " commitment," and he himself as a " prisoner" who has been " committed." Thus, by § 16, a copy of the bail bond is required to

be deposited with the jailer, which protects him, "although the surrender and commitment prove to be unlawful on the part of the bail." By § 18 of the same chapter, the bail are required to give "notice in writing to the plaintiff or his attorney, of the time when and the place where the prisoner was so committed." Nor is the proceeding by which a prisoner is surrendered upon civil process without an instrument which fulfils the office of a warrant. When one becomes bail, he is entitled forthwith to an attested copy of the bail bond, upon which he may seize and take his prisoner whenever he will; and this is his warrant, as well as that of the jailer, when the surrender is made to him. *Jones* v. *Varney*, 8 Cush. 137. The defendant was therefore a person committed to jail for a cause authorized by law.

It is further urged, that the forcible breaking from jail of a person confined therein on mesne process was not an offence at common law; and that therefore it cannot have been intended to constitute it an offence against the statute under which this indictment is drawn. We are by no means prepared to assent to the proposition that breaking jail, by one confined on mesne process, was not an offence at common law. 1 Hale P. C. 608. 2 Hawk. P. C. *c.* 17, § 5, and *c.* 18, § 1. 2 Inst. 589. Whart. Crim. Law (8th ed.) § 1673. *State* v. *Murray*, 15 Maine, 100. However this may be, the generality of the phrase " lawfully imprisoned " indicates clearly the intention to punish every violation of custody by those who are properly held in any place of confinement established by law other than the state prison. Breaking jail and an escape therefrom, even by a prisoner confined therein on mesne process, could not be otherwise than an outrage to its discipline, and a resistance to the lawful authority by which he was detained. *Exceptions overruled.*